LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
United States of America
Telephone:     650-614-7400
Facsimile:     650-614-7401

JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
DAVID A. PRAHL (STATE BAR NO. 233583)
dprahl@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:     916-447-9200
Facsimile:     916-329-4900

Attorneys for Defendant
LUXOTTICA RETAIL NORTH AMERICA INC., an
Ohio Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA STAGNER, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation; LENSCRAFTSERS, INC., an Ohio Corporation; EDWARD AUSTRIA, an individual; and ELIZABETH CHEN, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. CV 11-03168 JCS<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY LITIGATION, OR, IN THE ALTERNATIVE, DISMISS AND/OR STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　　August 12, 2011<br>Time:　　　　9:30<br>Courtroom:　G – 15th Floor<br>Judge:　　　Joseph C. Spero<br>Opposition: July 19<br>Reply:　　　July 26 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND STATEMENT OF ISSUES ....................................................... 2
II. RELEVANT FACTS ......................................................................................................... 3
   A. Procedural History ................................................................................................. 3
   B. Relevant Allegations and Details of Employment ................................................ 3
III. ARGUMENT IN SUPPORT OF MOTION TO COMPEL ARBITRATION ................... 5
   A. The Federal Arbitration Act And United States Supreme Court Precedent Mandate The Enforcement of Arbitration Agreements ......................................... 5
   B. The Parties Agreed to Arbitrate Their Claims And Therefore The Arbitration Agreement Must Be Enforced ............................................................ 6
      1. The Parties Entered Into A Valid Agreement ............................................. 6
      2. The Issues In This Lawsuit Fall Within The Scope of the Arbitration Agreement ................................................................................ 7
   C. The Litigation Must Be Stayed Pending Arbitration ............................................. 8
IV. ARGUMENTS IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE .............. 8
   A. Plaintiff's First And Second Causes Of Action Fail To State Plausible Claims And Should Be Dismissed ......................................................................... 8
      1. Legal Standard ............................................................................................ 8
      2. Plaintiff's First Cause Of Action For Interference With Exercise Of CFRA Rights Fails to State a Claim and Should Be Dismissed ................. 9
      3. Plaintiff's Second Cause Of Action For Wrongful Termination Against Public Policy Fails ...................................................................... 11
   B. References To Individually Named Defendants Austria And Chen Should Be Stricken From The First Cause Of Action ...................................................... 11
      1. Legal Standard Under Rule 12(f) .............................................................. 11
      2. The Individual Defendants Cannot Be Personally Liable for Alleged Violations of the CFRA ............................................................... 12
V. CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
   129 S. Ct. 1937 .................................................................................................................. 8, 9

*AT&T Mobility LLC v. Concepcion*
   131 S. Ct. 1740 (2011) ................................................................................................ 2, 5, 6, 7

*Barrera v. Fed. Exp. Corp.*
   C 08-2668 JF (RS), 2008 WL 4414723 (N.D. Cal. Sept. 26, 2008) ...................................... 12

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................................. 8, 9

*Cox v. Ocean View Hotel Corp.*
   533 F.3d 1114 (9th Cir. 2008) ................................................................................................. 6

*Cross v. United Airlines*
   317 F. App'x. 615 (9th Cir. 2008) ........................................................................................... 9

*In re Text Messaging Antitrust Litigation*
   630 F.3d 622 (7th Cir. 2010) ................................................................................................... 8

*Ingle v. Circuit City Stores, Inc.*
   328 F.3d 1165 (9th Cir. 2003) ................................................................................................. 6

*Kaplan v. Dr. Reddy's Laboratories, Inc.*
   CV 10-00675-R, 2010 WL 3894232 (C.D. Cal. Sept. 30, 2010) ...................................... 9, 10

*McKinney v. Am. Airlines, Inc.*
   641 F. Supp. 2d 962 (C.D. Cal. 2009) ................................................................................... 11

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*
   460 U.S. 1 (1983) ............................................................................................................ 5, 6, 7

*Perry v. Thomas*
   482 U.S. 483 (1987) ................................................................................................................ 5

*Rent-A-Center, West, Inc. v. Jackson*
   130 S. Ct. 2772 (2010) ............................................................................................................ 6

*Sidney-Vinson v. A.H. Robins Co.*
   697 F.2d 880 (9th Cir. 1993) ................................................................................................. 12

*Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*
   130 S. Ct. 1758 (2010) ................................................................................................... 2, 5, 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

**CALIFORNIA CASES**

*Craig v. Brown & Root, Inc.*
  84 Cal. App. 4th 416 (2000) ................................................................................................ 6

*Discover Bank v. Superior Court*
  36 Cal. 4th 148 (2005) ......................................................................................................... 7

*Div. of Labor Law Enforcement v. Transpacific Trans. Co.*
  69 Cal. App. 3d 268 (1977) ................................................................................................. 7

*Dudley v. Department of Transportation*
  90 Cal. App. 4th 255 (2001) ................................................................................................ 9

*Faust v. California Portland Cement Co.*
  150 Cal. App. 4th 864 (2007) ............................................................................................ 11

*Jones v. Lodge at Torrey Pines P'ship*
  42 Cal. 4th 1158 (2008) ..................................................................................................... 12

**FEDERAL STATUTES**

9 U.S.C. § 1, *et seq.* ................................................................................................................. 2, 5

9 U.S.C. § 3 ................................................................................................................................. , 8

Federal Arbitration Act (9 U.S.C. § 4) ................................................................................... 1, 5

**CALIFORNIA STATUTES**

Cal. Code Regs. Title 2, § 7297.0(e) ....................................................................................... 10

Cal. Gov't Code § 12945.2(a), (c)(2) .............................................................................. 9, 10, 12

California Labor Code § 229 ..................................................................................................... 5

**OTHER AUTHORITIES**

29 C.F.R. § 825.110(d) (1995) ................................................................................................. 10

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 1, 2, 3, 9

Federal Rule of Civil Procedure 12(f) ........................................................................ 1, 2, 3, 11

**NOTICE OF MOTION AND MOTION**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JESSICA STAGNER AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 12, 2011 at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Joseph C. Spero, Courtroom G, United States District Court, Northern District of California, 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendant Luxottica Retail North America Inc., doing business as LensCrafters (improperly sued as Lenscrafters, Inc.) will and hereby does move the Court for an order (1) compelling the parties to resolve the instant matter through binding arbitration pursuant to the Federal Arbitration Act (9 U.S.C. section 4) and staying the instant litigation pending arbitration; and, in the alternative, (2) dismissing Plaintiff Jessica Stagner's ("Plaintiff") Complaint and/or striking portions thereof pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  Defendant's Motion to Compel Arbitration and Stay the Litigation is made on the grounds that Plaintiff and Defendant entered into a valid and enforceable agreement to engage in binding arbitration of disputes arising out of Plaintiff's employment, and the Federal Arbitration Act compels that the parties' agreement in this regard be upheld, and that the instant litigation be stayed.  Defendant's Motion to Dismiss and/or Strike is made on the grounds that Plaintiff's First and Second Causes of action fail to state a claim upon which relief may be granted, and Plaintiff's complaint otherwise contains matter that is "redundant, immaterial, impertinent, or scandalous…".

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of David A. Prahl and exhibits thereto, the accompanying Request for Judicial Notice and exhibits thereto, the papers on file in this action, oral argument at the hearing, and any other matter which the Court deems appropriate.

**STATEMENT OF RELIEF SOUGHT**

Defendant requests, pursuant to the Federal Arbitration Act, that the Court order Plaintiff to arbitrate her claims against Defendant, and stay the instant litigation pending arbitration, for

1  the reasons discussed below.

2  Alternatively, Defendant requests, pursuant to Federal Rule of Civil Procedure 12(b)(6),
3  that the Court dismiss Plaintiff's First and Second Causes of Action as set forth in her Complaint
4  for failure to state a claim upon which relief may be granted.  Defendant further requests,
5  pursuant to Federal Rule of Civil Procedure 12(f), that the Court strike all references to
6  Defendants Austria and Chen in Plaintiff's First Cause of Action.

7  **I.     INTRODUCTION AND STATEMENT OF ISSUES**

8  Plaintiff's attempt to bring this action is precluded by her agreement to arbitrate any
9  claims arising out of her employment with Defendants, and by the Supreme Court's recent
10 rejection of state law rules that would invalidate such agreements.  In exchange for valuable
11 consideration, Plaintiff agreed to abide by the terms of the Luxottica Retail Associate Guide
12 ("Associate Guide"), which includes a Dispute Resolution Agreement ("Agreement") providing
13 that virtually all matters arising out of her employment shall be resolved through neutral and
14 binding arbitration.  By signing an acknowledgment agreeing to be bound by the terms of the
15 Associate Guide, and by declining to exercise her right to opt out of the Agreement, Plaintiff
16 agreed to resolve any dispute related to her employment exclusively through binding arbitration.

17 The Federal Arbitration Act ("FAA") and Supreme Court precedent mandate that
18 arbitration agreements be enforced according to their terms. 9 U.S.C. § 1, *et seq.*; *AT&T Mobility*
19 *LLC v. Concepcion,* 131 S. Ct. 1740, 1748 (2011) (The "principal purpose" of the FAA is to
20 "ensur[e] that private arbitration agreements are enforced according to their terms") (internal
21 quotes and citations omitted); *see also Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.,* 130 S. Ct.
22 1758, 1773 (2010) ("[W]e have said on numerous occasions that the central or primary purpose of
23 the FAA is to ensure that private agreements to arbitrate are enforced according to their terms.")
24 (internal quotes and citations omitted).  Plaintiff and Defendants entered into a valid and binding
25 arbitration agreement, and Plaintiff's claims fall within the scope of that agreement.  Accordingly,
26 Defendants respectfully requests that the Court compel the arbitration of Plaintiff's claims and
27 stay this litigation, as required by the FAA.

28 / / /

Alternatively, Plaintiff's First and Second Causes of Action should be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's dates of employment, as well as the allegations set forth in her Complaint regarding her dates of employment, evidence that she was never eligible to take California Family Rights Act ("CFRA") leave. *See* Complaint, ¶¶ 16, 17, 20. Because her first and second causes of action rest entirely on the allegation that Defendants retaliated against her for exercising her CFRA rights, these causes of action fail as a matter of law.

Defendant further moves pursuant to Federal Rule of Civil Procedure 12(f) to strike references to Defendants Austria and Chen in Plaintiff's First Cause of Action, because individual defendants cannot be liable for discrimination under the CFRA. Accordingly, as discussed more fully below, the Court should grant Defendant's Motion to Dismiss and/or Strike.

## II. RELEVANT FACTS

### A. Procedural History.

On May 20, 2011, Plaintiff filed her Complaint in the Superior Court of the State of California in and for the County of San Francisco. *See generally* Complaint. The Complaint asserts four causes of action stemming from Plaintiff's employment, including causes of action for: (1) interference with exercise of CFRA rights; (2) wrongful termination against public policy; (3) intentional infliction of emotional distress; and (4) false imprisonment. *See* Complaint, ¶¶ 22-44. On June 27, 2011, Defendant timely removed the action to this Court.

### B. Relevant Allegations and Details of Employment.

Plaintiff alleges that she "was hired by LensCrafters as an Eye Care Associate…on or about April 16, 2010," and was promoted to the position of Eye Care Supervisor in February, 2011. *See* Complaint, ¶¶ 16-17. Plaintiff further alleges that on or about March 20, 2011, her doctor and her supervisors recommended she take a leave of absence from work due to an eye infection, and that following a subsequent visit to the doctor, she was instructed to not see patients for "seven to ten days." *See id.*, ¶¶17-18. Finally, Plaintiff alleges that during her alleged leave from work, Defendant rescinded her promotion to supervisor, offered to transfer her to another LensCrafters location in an Associate role, and ultimately terminated her employment

on or about April 18, 2011. *See id*. at ¶¶ 17-21; 33. Based on these allegations, Plaintiff purports to assert causes of action for, *inter alia*, unlawful interference with CFRA rights and wrongful termination against public policy. *See id.* at ¶¶ 22-35.

The terms of Plaintiff's employment with Luxottica are set forth in the Luxottica Retail Associate Guide ("Associate Guide"), which contains a Dispute Resolution Agreement ("Agreement"). *See* Declaration of David A. Prahl In Support Of Motion to Compel Arbitration and Stay Litigation Or, in the Alternative, Dismiss and/or Strike ("Prahl Decl."), at Ex. 1 (Declaration of Keith Rummer ("Rummer Decl."), ¶ 4 and Ex. A). The Agreement provides for a two-step process for resolving disputes between an employee and Luxottica. The first step is an "Open Door Policy," pursuant to which an employee may raise concerns with a manager or with the Associate Relations Department. The second step requires binding arbitration of any claims by an employee against Luxottica and any claims by Luxottica against a covered employee. *See id.*

The Dispute Resolution Agreement is not mandatory. Indeed, the Associate Guide provides that "The Dispute Resolution Agreement covers all Luxottica Retail associates, regardless of your hire date unless you opt-out on the form provided herein," and contains an Opt-Out of Dispute Resolution Agreement form ("Opt-Out form") and a Luxottica Retail Associate Guide Acknowledgement and Agreement ("Acknowledgment"). *See id.* at Ex. 1 (Rummer Decl. ¶ 4 and Ex. A). The Acknowledgement states, in part: "This will acknowledge that I have received my copy of the Luxottica Retail Associate Guide and that I will familiarize myself with the contents of the Associate Guide and agree to abide by its terms." *See id.* (Rummer Decl. at Ex. A). On April 20, 2010, Plaintiff signed the Acknowledgment. *See id.* Plaintiff's signature on the Acknowledgment appears immediately below a statement providing: "MY SIGNATURE BELOW CERTIFIES THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS SET FORTH ABOVE." *See id.* Plaintiff did not sign and return the Opt-Out form. *See id.* (Rummer Decl. at ¶ 4).

/ / /

/ / /

### III. ARGUMENT IN SUPPORT OF MOTION TO COMPEL ARBITRATION

#### A. The Federal Arbitration Act And United States Supreme Court Precedent Mandate The Enforcement of Arbitration Agreements.

The Federal Arbitration Act ("FAA") establishes the validity and enforceability of written agreements to arbitrate disputes. 9 U.S.C. § 1 *et seq*. The "principal purpose" of the FAA is to "ensur[e] that private arbitration agreements are enforced according to their terms." *See AT&T Mobility*, 131 S. Ct. at 1748 (internal quotes and citations omitted). This purpose is readily apparent from the FAA's text. Section 2 makes arbitration agreements "valid, irrevocable, and enforceable" as written (subject to a saving clause); section 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims "in accordance with the terms of the agreement"; and section 4 requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement.

Because arbitration is a highly favored means of settling disputes, the United States Supreme Court has held that arbitration agreements "must be rigorously enforced." *Perry v. Thomas*, 482 U.S. 483, 490 (1987) (arbitration agreement upheld and arbitration compelled for claim for unpaid wages under California Labor Code section 229). Indeed, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), the Supreme Court declared:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or like defense to arbitrability.

*Id*. at 24-25.

Most recently, the Supreme Court vigorously emphasized that the FAA embodies "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *AT&T Mobility*, 131 S. Ct. at 1749 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24); *see also Stolt-Nielsen,* 130 S. Ct. at 1773-74 ("Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties. In this endeavor, as with any other

contract, the parties' intentions control.") (internal quotes and citations omitted).  Accordingly, state law rules hostile to arbitration agreements are preempted by the FAA (including, in *AT&T Mobility*, a California rule that class action waivers in arbitration agreements in certain consumer contracts of adhesion are unconscionable).  131 S. Ct. at 1747-48.

### B. The Parties Agreed to Arbitrate Their Claims And Therefore The Arbitration Agreement Must Be Enforced.

The only prerequisite for a court to order arbitration is for the court to determine whether the parties have entered into a valid agreement to arbitrate the dispute.  *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) ("The FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.") (internal citations omitted).  The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2776 (2010) (internal citations omitted).  Courts resolve doubts on questions of arbitrability in favor of arbitration.  *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25).

Here, Plaintiff signed the Acknowledgment, agreeing to be bound by the terms of the Associate Guide.  *See* Prahl Decl. at Ex. 1 (Rummer Decl. at Ex. A).  The Associate Guide expressly provides that "The Dispute Resolution Agreement covers all Luxottica Retail associates" who do not exercise their right to opt out of the Agreement within 30 days.  *See id.*  By failing to exercise her opt-out rights as provided for under the Associate Guide, Plaintiff thus agreed to the terms of the Agreement, including the requirement that all claims be submitted to binding arbitration.  *See id.*  The Agreement is valid and includes within its scope the issues in this lawsuit.  Accordingly, this Court should order the parties to arbitrate their disputes.

#### 1. The Parties Entered Into A Valid Agreement.

For the "validity" inquiry, courts generally apply ordinary state law contract principles. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003).  Under California law, a contract is valid if there is mutual assent between the parties and valid consideration.  *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000) (noting that general contract law principles

1  determine whether an arbitration agreement is binding); *see also Div. of Labor Law Enforcement
2  v. Transpacific Trans. Co.*, 69 Cal. App. 3d 268, 274-75 (1977) (stating mutual assent and
3  considerations as the elements of a valid contract).

4      The Agreement here meets these validity requirements. The Acknowledgement signed by
5  Plaintiff, combined with Plaintiff's failure to return the Opt-Out form as provided under the terms
6  of the Associate Guide, signifies Plaintiff's assent to the terms of the Associate Guide, including
7  the Dispute Resolution Agreement. Defendants gave valid consideration for Plaintiff's agreement
8  to arbitrate by agreeing to arbitrate any claims Defendants may have against Plaintiff. *See* Prahl
9  Decl. at Ex. 1 (Rummer Decl. at Ex. A). Therefore, the Court should enforce the Agreement and
10 order Plaintiff to arbitrate her disputes with Defendant.[1]

11     **2.    The Issues In This Lawsuit Fall Within The Scope of the Arbitration Agreement.**
12

13     The Associate Guide expressly informs employees that the arbitration portion of the
14 Dispute Resolution Agreement "covers virtually all legal claims related to your employment that
15 you or Luxottica Retail could otherwise file against the other in court." *See* Prahl Decl. at Ex. 1
16 (Rummer Decl. at Ex. A). All of Plaintiff's asserted claims stem directly from her employment,
17 including her claims for alleged interference with CFRA rights, wrongful termination, intentional
18 infliction of emotional distress, and false imprisonment. *See* Complaint, ¶¶ 22-30, 31-35, 36-40,
19 41-44. "[Any] doubts concerning the scope of arbitrable issues should be resolved in favor of
20 arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Here, there is no doubt that
21 Plaintiff's claims all arise out of her employment with Luxottica and thus all fall within the scope

---

[1] Plaintiff may challenge the validity of the Dispute Resolution Agreement under California law, by arguing that under *Armendariz v. Foundation Health Psychcare Services, Inc*., 24 Cal. 4th 83, 90 (2000), the Agreement is unconscionable. However, the U.S. Supreme Court has effectively overruled *Armendariz* twice – first in *Stolt-Nielsen* (holding that the FAA imposes the basic precept that arbitration is a matter of consent, and courts are obliged to enforce the parties' agreement to arbitrate according to its terms) and more recently – and more forcefully – in *AT&T Mobility* (specifically recognizing that state requirements that do not favor arbitration are contrary to the FAA, and therefore are preempted). *See Stolt-Nielsen S.A. v. Animalfeeds Internat'l Corp.,* 130 S. Ct. 1758, 1773-74 (2010) ("whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the [parties'] contractual rights and expectations"); *AT&T Mobility,* 131 S. Ct. at 1746-48, 1750 (explaining that state law rules regarding unconscionability, such as in *Discover Bank v. Superior Court,* 36 Cal. 4th 148 (2005), which dealt with alleged unconscionability in the context of a consumer arbitration contract, "stand as an obstacle to the accomplishment of the FAA's objectives" and cannot be required by states).

of the Agreement.  *See* Complaint, ¶¶ 22-44.  Accordingly, the Court should order Plaintiff to arbitrate her claims.

### C. The Litigation Must Be Stayed Pending Arbitration.

Section 3 of the FAA requires courts to stay judicial proceedings when an issue raised in a pending lawsuit is referable to arbitration pursuant to a written arbitration agreement.  9 U.S.C. § 3.  Here, as established above, Plaintiff agreed to binding individual arbitration of all claims pertaining to her employment with Defendants.  Because all the causes of action asserted in this lawsuit fall within the scope of the Agreement, Defendant respectfully requests that the Court stay further proceedings in this case and compel Plaintiff to arbitrate her claims.

## IV. ARGUMENTS IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE

### A. Plaintiff's First And Second Causes Of Action Fail To State Plausible Claims And Should Be Dismissed.

#### 1. Legal Standard

The United States Supreme Court has confirmed that trial courts should dismiss allegations when plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Courts must engage in a two-step process for analyzing a complaint's sufficiency.  First, the Court must accept as true all factual allegations, but exclude/ignore "conclusory statements" or "threadbare recitals of the elements."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*citing Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'").

Second, the Court must determine whether the complaint states a plausible claim on its face.  *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 629 (7th Cir. 2010) (explaining the *Iqbal* plausibility standard: "[t]he fact that the allegations undergirding a claim could be true is no longer enough to save a complaint from being dismissed;

the complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote."); *Swanson*, 614 F.3d at 404 (the plausibility standard requires plaintiff to "give enough details about the subject-matter of the case to present a story that holds together."). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Therefore, *Twombly* made clear that it is not proper for a court to assume that a plaintiff can prove facts he has not alleged, or that the defendants have violated laws in ways not alleged. *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723(1983)). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570.

As set forth more fully below, because Plaintiff' First and Second Causes of Action fail to state a claim upon which relief may be granted, these claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**2.    Plaintiff's First Cause Of Action For Interference With Exercise Of CFRA Rights Fails to State a Claim and Should Be Dismissed.**

In order to make a prima facie showing of medical leave discrimination in violation of the CFRA, Plaintiff must show: (1) that Defendants are covered by the CFRA; (2) that Plaintiff is an employee eligible to take CFRA leave; (3) that Plaintiff exercised her right to take leave for a qualifying purpose; and (4) that Plaintiff suffered an adverse employment action, such as termination because of her exercise of her right to CFRA leave. *Cross v. United Airlines*, 317 F. App'x. 615, 617 (9th Cir. 2008); *Dudley v. Department of Transportation*, 90 Cal. App. 4th 255, 261 (2001).

"CFRA rights are only available to employees who have worked for an employer for 12 months *prior* to the employee's request for leave." *Kaplan v. Dr. Reddy's Laboratories, Inc.*, CV 10-00675-R, 2010 WL 3894232, at *1 (C.D. Cal. Sept. 30, 2010) (emphasis added) (citing Cal. Gov. Code § 12945.2(a)); *Dudley*, 90 Cal. App. at 261 (to be eligible for CFRA leave, "an

employee must have 'more than 12 months of service with the employer.'") (also citing Cal. Gov. Code § 12945.2(a)). Thus, eligibility for CFRA leave is determined as of the date the leave commences. *See, e.g.,* Cal. Code Regs. tit. 2, § 7297.0(e) ("'Eligible employee' means a full or part time employee working in California with more than 12 months (52 weeks) of service with the employer at any time, and who has actually worked . . . for the employer at least 1,250 hours during the 12-month period immediately prior to the date the CFRA leave or FMLA leave is to commence."); 29 C.F.R. § 825.110(d) (1995) ("The determinations of whether an employee has worked for the employer . . . for a total of at least 12 months must be made as of the date leave commences.").

Here, Plaintiff cannot state a claim under the CFRA because she did not work the requisite 12-month time period. Indeed, Plaintiff's employment with Defendant ended on or around October 13, 2010 – less than six months after her hire by Defendant – and Defendant has no record of Plaintiff having worked for Defendant beyond this date. *See* Prahl Decl. at Ex. 1 (Rummer Decl. at ¶ 3). Plaintiff acknowledged this when, in or around November 2010, she filed a claim against Defendant with the California Labor Commissioner under California Labor Code section 203, which imposes penalties for the late payment of wages *following termination of employment*. *See* Request for Judicial Notice in Support of Defendant's Motion to Compel Arbitration Or, in the Alternative, Dismiss or Strike ("RJN") Exs. A – C. Thus, Plaintiff never became eligible to take CFRA leave. *See Kaplan*, 2010 WL 3894232 at *1.

Even assuming Plaintiff was employed by Defendant for more than 12 months – and she was not – the allegations of Plaintiff's Complaint establish that Plaintiff never became eligible to take CFRA leave. Indeed, Plaintiff admits in her Complaint that when her alleged leave commenced, she had been employed with Defendant for only eleven months (approximately 48 weeks). *See* Complaint ¶¶ 16 (alleging hire date of April 16, 2010); 17 (alleging she received instruction to take leave on or about March 20, 2011).[2] Thus, even under Plaintiff's own

---

[2] Even assuming that Plaintiff's alleged leave began after March 20, 2011, Plaintiff's allegations nonetheless confirm that Plaintiff was on leave as of at least April 11, 2011 – less than 12 months after her hire by Defendant. *See* Complaint ¶ 20 (referencing an alleged April 11, 2011 conversation in which Plaintiff's anticipated return to work was discussed, and alleging that Plaintiff "did not return to work…" following the conversation).

allegations, Plaintiff cannot establish eligibility for leave under the CFRA.

Because Plaintiff never became eligible to take CFRA leave, the alleged rescission of her promotion and the alleged termination of her employment with Defendant could not have interfered with the exercise of her CFRA rights or otherwise violated the CFRA. Accordingly, Plaintiff's First Cause of Action fails to state a plausible claim and should be dismissed.

### 3. Plaintiff's Second Cause Of Action For Wrongful Termination Against Public Policy Fails.

Plaintiff's Second Cause of Action alleging wrongful termination against public policy likewise fails because it depends entirely upon Plaintiff's insufficient claim under the CFRA. *See* Complaint, ¶¶ 31-35. Indeed, though a plaintiff may bring a claim for wrongful termination based upon the public policy prohibiting employment discrimination for exercising the right to family and medical leave embodied in the CFRA, such a claim cannot stand absent a valid CFRA claim. *See McKinney v. Am. Airlines, Inc.*, 641 F. Supp. 2d 962, 982 (C.D. Cal. 2009) (finding that plaintiff's "claims for wrongful termination in violation of public policy rise or fall on whether they have viable claims under FEHA."); *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007) ("Because [plaintiff] has viable claims for violation of the CFRA, it necessarily follows that a triable issue exists with respect to [plaintiff's] cause of action for wrongful termination in violation of public policy.").

Because Plaintiff does not have a viable discrimination claim under the CFRA (*See* Part IV(A)(2), *supra*), she cannot assert a claim for wrongful termination against a public policy that derives from the same statute. Accordingly, Plaintiff's Second Cause of Action fails to state a plausible claim and should be dismissed.

### B. References To Individually Named Defendants Austria And Chen Should Be Stricken From The First Cause Of Action.

#### 1. Legal Standard Under Rule 12(f).

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993).

### 2. The Individual Defendants Cannot Be Personally Liable for Alleged Violations of the CFRA.

Plaintiff's First Cause of Action purports to state a claim against the individual Defendants Edward Austria ("Austria") and Elizabeth Chen ("Chen") for violations of the CFRA. Complaint, ¶¶ 4-5, 22-28 (First Cause of Action brought "Against All Defendants"). Under the plain language of the CFRA, however, the obligation to provide family care and medical leave, and reinstatement where appropriate, applies only to an *employer* (defined as any person who employs 50 or more persons). Cal. Gov't Code § 12945.2(a), (c)(2), (*l*); *see also Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173-74 (2008) (holding that nonemployer individuals may not be held personally liable under FEHA for their role in retaliation)*; accord Barrera v. Fed. Exp. Corp.*, C 08-2668 JF (RS), 2008 WL 4414723, at *2 (N.D. Cal. Sept. 26, 2008). Thus, the individual Defendants cannot be liable for discrimination under the CFRA, and references to Austria and Chen should be stricken from Plaintiff's First Cause of Action.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court (1) issue an order compelling the parties to resolve the instant matter through binding arbitration, and staying the litigation pending arbitration, (2) dismiss Plaintiff's First and Second Causes of Action; and/or (3) strike those portions of Plaintiff's First Cause of Action that reference individual defendant's Austria and Chen.

Dated: July 5, 2011

LYNNE C. HERMLE
JULIE A. TOTTEN
DAVID A. PRAHL
Orrick, Herrington & Sutcliffe LLP

By: /s/Julie A. Totten
JULIE A. TOTTEN
Attorneys for Defendant
Luxottica Retail North America Inc., an Ohio Corporation